# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50405
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICHARD RAMOS,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:10-CR-297

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Richard Ramos appeals the 360-month within guidelines sentence imposed after remand for resentencing. Ramos argues that the district court violated the mandate rule by resentencing him based on his career offender status, rather than on the new finding of the amount of drugs attributable to him required by this court's decision.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50405

We review de novo the district court's application of a remand order. *United States v. Teel*, 691 F.3d 578, 583 (5th Cir. 2012). "Under the mandate rule, a district court on remand must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court." *Id.* (quotation marks, modification, and citation omitted). "[A]ll other issues not arising out of this court's ruling and not raised before the appeals court, which could have been brought in the original appeal, are not proper for reconsideration by the district court below." *Id.* (quotation marks and citation omitted).

Although Ramos objected to the application of the career offender guideline at his original sentencing, he did not raise that issue in his original appeal. Accordingly, he waived that issue for appeal and for purposes of remand. *See id.*; *see also United States v. Griffith*, 522 F.3d 607, 610 (5th Cir. 2008). Ramos has cited no authority supporting the proposition that the Government waived for purposes of remand the application of the career offender guideline by not arguing on original appeal that the erroneous application of a base offense level under U.S.S.G. § 2D1.1 would be harmless because the guidelines range would be the same under the career offender guideline. Moreover, "[t]hat the sentence would remain within the adjusted Guidelines range is insufficient to indicate harmlessness." *United States v. Valdez*, 726 F.3d 684, 697 (5th Cir. 2013).

We ordered the district court on remand to find the appropriate amount of drugs attributable to Ramos and to resentence Ramos consistent with and pursuant to our opinion. *United States v. Ramos*, 545 F. App'x 301, 302, 309 (5th Cir. 2013). The district court implemented the letter and spirit of this court's mandate. *See Teel*, 691 F.3d at 583.

AFFIRMED.

2